**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **POLOVENKO,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**DOES 1–10**<br><br>**Defendants.** | **1:26-cv-09400 (ALC)**<br><br>**<u>TEMPORARY RESTRAINING ORDER</u>** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Tatyana Polovenko ("Plaintiff") filed an *ex parte* motion for entry of a temporary restraining order ("TRO"), including temporary injunction and temporary asset restraint, and expedited discovery. Plaintiff moves for such preliminary relief against Defendants John Does 1 – 10 ("Defendants"), Kyrrex Operations LLC ("Kyrex"), and HTX. After reviewing the motions, the Court **GRANTS** the motion for a TRO.

**FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1. This matter concerns the conversion of $1,309,058. Plaintiff deposited these funds into cryptocurrency wallets held by Defendants and believed that Defendants would invest these funds on her behalf. Plaintiff alleges that the funds were fraudulently diverted by Defendants.
2. Plaintiff retained Chainlabs Investigations ("Chainlabs") to trace these funds. Chainlabs determined that Plaintiff's funds were transferred into accounts ("Accounts") under Kyrex and HTX. Chainlabs identified the deposit addresses associated with these accounts.
3. Plaintiff has shown that she has a likelihood of success in proving her claims of fraudulent misrepresentation, conversion, unjust enrichment, and civil conspiracy.

4. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's application for *ex parte* relief is granted.

5. On balance, the potential harm to Defendants of being prevented from accessing the funds if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff if a temporary restraining order is not issued, especially since the Accounts will be preserved during the pendency of this proceeding.

6. The public interest favors issuance of the temporary restraining order to enjoin activity in the Accounts to prevent Defendants' gain from fraudulently diverted funds.

7. If Defendants are given notice of the motion for a TRO, they are likely to transfer, hide, or otherwise dispose of the funds in question. Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte.*

**ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiff's motions for a temporary injunction, temporary asset restraint, and expedited discovery are hereby **GRANTED** and it is **ORDERED** as follows:

**Temporary Restraints**

1. As sufficient cause has been shown, Kyrrex Operations LLC (FinCEN MSB# 310024013725), HTX, Defendants John Does 1–10, and any of their respective agents, servants, employees, attorneys, custodians, partners, successors, assigns, and all persons and entities in active concert or participation with them who receive actual notice of this Order, are hereby directed to immediately freeze and hold all accounts, wallets, cryptocurrency

assets, and funds associated with or linked to the following addresses and accounts, and any sub-wallets, sub-accounts, or successor addresses controlled by the same account holders: to immediately freeze and hold all accounts, wallets, cryptocurrency assets, and funds associated with or linked to the following addresses and accounts, and any sub-wallets, sub-accounts, or successor addresses controlled by the same account holders:

a. Episode 2 Kyrrex deposit address:
   0xdd3fe47bb1684cc2e45c81da6e7cd9425fd97396
b. Episode 4 Kyrrex/HTX convergence address:
   0x8e5a6e6fb4926284774a437241769f9b30c2f743
c. Episode 4 Kyrrex intermediary addresses:
   0xc86ba757dafe9d3f02caa12c5ce4c83a0ae7f965 and
   0x9f6b8a4ad968cd887a5dd6bdb4cd566dc945ee9c
d. Episode 2 HTX nested service address:
   0x66931f499e624955774a7f999e6e1a6ce5756f4b
e. Episode 3 HTX deposit address: 0x03aa8554ba0badbb52c064cbfdf89285bddb0453
f. Episode 4 HTX nested service addresses:
   0xfe7ab054421247c68c6acdfb9a7628f9414081a1 and
   0x9ad9cb0a0af0d7b8099d4b33e7a28c536eae0f82

No assets associated with the above addresses and accounts shall be transferred, sold, disbursed, withdrawn, encumbered, or in any manner disposed of or dissipated pending further order of this Court.

2. Kyrrex Operations LLC and HTX, and all persons acting in concert with them, shall immediately preserve all account records, KYC/AML documentation, transaction histories, IP logs, and communications relating to the accounts and addresses identified above and shall not destroy, alter, or transfer any such records

**Expedited Discovery**

3. Plaintiff is granted leave to serve a third-party subpoena pursuant to Federal Rule of Civil Procedure 45 upon Kyrrex (FinCEN MSB# 310024013725). The subpoena shall be limited to the following categories of documents and information:
   a. All customer identification, KYC, and AML records — including name, physical address, date of birth, government-issued identification number, email address, telephone number, and IP address logs at account registration and at the time of each transaction at issue — for every account holder associated with the deposit addresses identified in the Chainlabs Investigations Report dated October 9, 2026;
   b. All transaction records for those accounts for the period September 1, 2025 through the date of the subpoena; and
   c. All communications between Kyrrex and the account holders associated with the identified addresses relating to the accounts, the account holder's identity, or the transactions identified in the Chainlabs report.
4. Within twenty-one (21) days of service, Kyrex is hereby **ordered** to respond to those discovery requests and to provide to Plaintiff expedited discovery, limited to copies of non-privileged documents and records in such person's or entity's possession or control sufficient to address the requests. Kyrrex Operations LLC and all persons and entities in active concert

or participation with it are directed to preserve all documents and information responsive to the subpoena authorized by this Order pending Kyrrex's compliance with that subpoena. Information obtained pursuant to this Order shall be used solely for the purpose of identifying the John Doe defendants in this action and for the prosecution of Plaintiff's claims in this litigation.

**Service**

5. Plaintiff's counsel shall serve this Order on Kyrrex Operations LLC and HTX as soon as practicable following entry of this Order, by email, overnight courier, and/or such other means as counsel reasonably determines will provide effective notice, by **5pm on October 29, 2026.** Plaintiff is authorized to serve the Summons, Complaint, and all papers filed in connection with this Motion on Defendants by: (a) electronic mail to any email address identified through discovery as belonging to Defendants or their agents; and/or (b) such other means as this Court may authorize upon application.

**Security Bond**

6. Plaintiff shall deposit with the Court Ten Thousand Dollars ($10,000.00), either cash, cashier’s check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

**ORDER TO SHOW CAUSE**

This Temporary Restraining Order without notice is entered on October 28, 2026, and shall remain in effect for **fourteen (14)** calendar days. Any motion to extend this Order must be filed by **November 11, 2026**.

Defendants John Does 1–10, and any person or entity in active concert or participation with them who has received actual notice of this Order, are hereby **ORDERED** to show cause as to why a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65(a), should not issue. Opposing papers, if any, shall be filed by **November 4, 2026**. Plaintiff should file a reply, if any, by **November 6, 2026**. The Court will hold a telephonic hearing on **November 10, 2026, at 2:00 p.m. Eastern Time**. All parties shall appear and should contact the Court at **1-855-244-8681** (access code: 2305 370 0226#).

The Clerk of Court is respectfully directed to terminate pending letter motions at ECF Nos. 2 and 3.

**SO ORDERED.**

**Dated:** **October 28, 2026**
**New York, New York**



**ANDREW L. CARTER, JR.**
**United States District Judge**