UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TATYANA POLOVENKO,

Plaintiff,

-against-

DOES 1–10,

Defendants.

1:26-cv-09400 (ALC)

**AMENDED TEMPORARY RESTRAINING ORDER**

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff Tatyana Polovenko ("Plaintiff") filed an ex parte motion for entry of a temporary restraining order ("TRO"), including temporary injunction and temporary asset restraint, and expedited discovery, against Defendants John Does 1–10 ("Defendants"), Kyrrex Operations LLC, and HTX. On October 28, 2026, the Court granted the motion and entered a Temporary Restraining Order (ECF No. 6) (the "Original Order"). Plaintiff has since applied by letter to amend the Original Order to add the Kyrrex entities identified by Kyrrex in its October 30, 2026 response to service of the Original Order. Having reviewed Plaintiff's application, the Court GRANTS it and enters this Amended Temporary Restraining Order ("Amended Order"), which supersedes the Original Order.

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. This matter concerns the conversion of $1,309,058. Plaintiff deposited these funds into cryptocurrency wallets held by Defendants and believed that Defendants would invest these funds on her behalf. Plaintiff alleges that the funds were fraudulently diverted by Defendants.

2. Plaintiff retained Chainlabs Investigations ("Chainlabs") to trace these funds. Chainlabs determined that Plaintiff's funds were transferred into accounts ("Accounts") on the Kyrrex platform and at HTX. Chainlabs identified the deposit addresses associated with these accounts.

3. Following service of the Original Order, Kyrrex informed Plaintiff in writing that Kyrrex Limited, incorporated in St. Vincent and the Grenadines, "was operating the platform at

the relevant time and maintains the historical records for the mentioned wallets," and requested that the Original Order be amended to name Kyrrex Limited.

4. Plaintiff has shown that she has a likelihood of success in proving her claims of fraudulent misrepresentation, conversion, unjust enrichment, and civil conspiracy.

5. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's application for ex parte relief is granted.

6. On balance, the potential harm to Defendants of being prevented from accessing the funds if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff if a temporary restraining order is not issued, especially since the Accounts will be preserved during the pendency of this proceeding.

7. The public interest favors issuance of the temporary restraining order to enjoin activity in the Accounts to prevent Defendants' gain from fraudulently diverted funds.

8. If Defendants are given notice of the motion for a TRO or of this application, they are likely to transfer, hide, or otherwise dispose of the funds in question. Therefore, good cause exists for proceeding ex parte.

## ORDER

Based on the foregoing findings of fact and conclusions of law, it is ORDERED as follows:

### **<u>Temporary Restraints</u>**

1. As sufficient cause has been shown, Kyrrex Operations LLC (FinCEN MSB# 310024013725); Kyrrex Limited (St. Vincent and the Grenadines); Kyrrex Holding Ltd (Cyprus), and Real Exchange (REX) Limited (Malta) [Reg. No. C88077], together with their respective parents, subsidiaries, and affiliates (collectively, the "Kyrrex Entities"); HTX; Defendants John Does 1–10; and any of their respective agents, servants, employees, attorneys, custodians, partners, successors, assigns, and all persons and entities in active concert or participation with them who receive actual notice of this Amended Order, are hereby directed to immediately freeze and hold all accounts, wallets, cryptocurrency assets,

and funds associated with or linked to the following addresses and accounts, and any sub-wallets, sub-accounts, or successor addresses controlled by the same account holders:

a. Episode 2 Kyrrex deposit address: `0xdd3fe47bb1684cc2e45c81da6e7cd9425fd97396`

b. Episode 4 Kyrrex/HTX convergence address: `0x8e5a6e6fb4926284774a437241769f9b30c2f743`

c. Episode 4 Kyrrex intermediary addresses: `0xc86ba757dafe9d3f02caa12c5ce4c83a0ae7f965` and `0x9f6b8a4ad968cdd87a5dd6bdb4cd566dc945ee9c`

d. Episode 2 HTX nested service address: `0x66931f499e624955574a7f999e6e1a6ce5756f4b`

e. Episode 3 HTX deposit address: `0x03aa8554ba0badbb52c064cbfd8f9285bddb0453`

f. Episode 4 HTX nested service addresses: `0xfe7ab054421247c68c6acdfb9a7628f9414081a1` and `0x9ad9cb0a0af0d7b8099d4b33e7a28c536eae0f82`

No assets associated with the above addresses and accounts shall be transferred, sold, disbursed, withdrawn, encumbered, or in any manner disposed of or dissipated pending further order of this Court.

2. The Kyrrex Entities and HTX, and all persons acting in concert with them, shall immediately preserve all account records, KYC/AML documentation, transaction histories, IP logs, and communications relating to the accounts and addresses identified above and shall not destroy, alter, or transfer any such records.

**Expedited Discovery**

3. Plaintiff is granted leave to serve a third-party subpoena pursuant to Federal Rule of Civil Procedure 45 upon Kyrrex Operations LLC (FinCEN MSB# 310024013725), and to serve a request for the same documents and information upon Kyrrex Limited, limited to the following categories of documents and information in the possession, custody, or control of the recipient, including documents and information held by any other Kyrrex Entity:

a. All customer identification, KYC, and AML records — including name, physical address, date of birth, government-issued identification number, email address, telephone number, and IP address logs at account registration and at the time of

each transaction at issue — for every account holder associated with the deposit addresses identified in the Chainlabs Investigations Report dated October 9, 2026;

b. All transaction records for those accounts for the period September 1, 2025 through the date of the subpoena or request; and

c. All communications between any Kyrrex Entity and the account holders associated with the identified addresses relating to the accounts, the account holder's identity, or the transactions identified in the Chainlabs report.

4. Within twenty-one (21) days of service, Kyrrex Operations LLC and Kyrrex Limited are hereby ordered to respond to those discovery requests and to provide to Plaintiff expedited discovery, limited to copies of non-privileged documents and records in such person's or entity's possession, custody, or control sufficient to address the requests. The Kyrrex Entities and all persons and entities in active concert or participation with them are directed to preserve all documents and information responsive to the discovery authorized by this Amended Order pending compliance. Information obtained pursuant to this Amended Order shall be used solely for the purpose of identifying the John Doe defendants in this action and for the prosecution of Plaintiff's claims in this litigation.

**Service**

5. Plaintiff's counsel shall serve this Amended Order on the Kyrrex Entities and HTX by 5 PM on November 4, 2026, by email, overnight courier, and/or such other means as counsel reasonably determines will provide effective notice. Plaintiff is authorized to serve the Summons, Complaint, and all papers filed in connection with this Motion on Defendants by: (a) electronic mail to any email address identified through discovery as belonging to Defendants or their agents; and/or (b) such other means as this Court may authorize upon application.

**Security Bond**

6. The security of Ten Thousand Dollars ($10,000.00) required by the Original Order, in the form of cash, cashier's check, or surety bond, shall serve as security for this Amended Order. No additional security is required.

**ORDER TO SHOW CAUSE**

The Original Temporary Restraining Order was entered without notice on October 28, 2026. This Amended Order shall remain in effect through the expiration of the Original Order, **fourteen (14)** calendar days from October 28, 2026. Any motion to extend must be filed by **November 11, 2026**.

Defendants John Does 1-10, and any person or entity in active concert or participation with them who has received actual notice of this Order, are hereby **ORDERED** to show cause as to why a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65(a), should not issue. Opposing papers, if any, shall be filed by **November 4, 2026**. Plaintiff should file a reply, if any, by **November 6, 2026**. The Court will hold a telephone hearing on **November 10, 2026**, **at 2:00 p.m. Eastern Time**. All parties shall appear and should contact the Court at **1-855-244-8681** (access code: 2305 370 0226#).

**SO ORDERED**.

Dated: New York, New York
November 2, 2026

ANDREW L. CARTER, JR.
United States District Judge