UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TATYANA POLOVENKO,

Plaintiff,

-against-

DOES 1–10,

Defendants.

1:26-cv-09400 (ALC)

**PRELIMINARY INJUNCTION ORDER**

ANDREW L. CARTER, JR., United States District Judge:

On October 28, 2026, the Court entered an ex parte Temporary Restraining Order (ECF No. 6) (the "Original Order"), which the Court amended on November 2, 2026 (ECF No. 9) (the "Amended TRO"). The Amended TRO ordered Defendants, and any person or entity in active concert or participation with them who received actual notice of it, to show cause why a preliminary injunction should not issue pursuant to Federal Rule of Civil Procedure 65(a). The Court held a telephonic hearing on November 10, 2026. Having considered Plaintiff's submissions and the record, the Court GRANTS Plaintiff's motion for a preliminary injunction and enters this Preliminary Injunction Order ("Order"), which supersedes the Amended TRO.

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Plaintiff Tatyana Polovenko alleges that Defendants fraudulently induced her to transfer cryptocurrency then valued at approximately $1,309,058, which Defendants diverted to cryptocurrency wallets under their control.

2. A blockchain forensics firm retained by Plaintiff, Chainlabs Investigations ("Chainlabs"), traced Plaintiff's funds to deposit addresses associated with accounts on the Kyrrex platform and at HTX (the "Accounts"), as identified in Chainlabs' report dated October 9, 2026.

3. Following service of the Original Order, Kyrrex informed Plaintiff in writing that Kyrrex Limited, incorporated in St. Vincent and the Grenadines, "was operating the platform at the relevant time and maintains the historical records for the mentioned wallets." Kyrrex's current published Terms of Business identify Fintech Operations Development S.A., a Panamanian corporation, as the entity that provides the services offered on kyrrex.com.

4. Plaintiff served the Amended TRO, including its order to show cause, on the Kyrrex Entities and HTX on November 3, 2026. No opposition was filed by the November 4, 2026 deadline, and no Defendant or other person or entity appeared at the November 10, 2026 hearing to oppose the requested relief.

5. The John Doe defendants' identities are presently unknown. Plaintiff has provided notice of these proceedings to the exchanges and service providers that control the Accounts, which is the only means presently available to provide notice to the account holders, and Plaintiff is authorized to serve Defendants upon their identification as set forth below.

6. Plaintiff has shown a likelihood of success on the merits of her claims for fraudulent misrepresentation, conversion, unjust enrichment, and civil conspiracy.

7. Plaintiff will suffer irreparable harm absent a preliminary injunction. Cryptocurrency can be transferred across borders within minutes, and the record shows that Plaintiff's funds were moved within minutes of each transfer. Defendants are unidentified and believed to be located outside the United States, such that a money judgment alone would be an inadequate remedy.

8. The balance of hardships tips decidedly in Plaintiff's favor. Defendants have no legitimate interest in funds obtained by fraud, and the restraint is limited to assets associated with the identified Accounts.

9. The public interest favors preserving the traced proceeds of fraud pending resolution of this action.

**ORDER**

Based on the foregoing findings of fact and conclusions of law, it is ORDERED as follows:

**Asset Restraint**

10. Kyrrex Operations LLC (FinCEN MSB# 310024013725); Kyrrex Limited (St. Vincent and the Grenadines); Kyrrex Holding Ltd (Cyprus); Real Exchange (REX) Limited (Malta) [Reg. No. C88077]; and Fintech Operations Development S.A. (Panama) (Co. No. 155769805), together with their respective parents, subsidiaries, and affiliates (collectively, the "Kyrrex Entities"); HTX; Defendants John Does 1–10; and any of their respective agents, servants,

employees, attorneys, custodians, partners, successors, assigns, and all persons and entities in active concert or participation with them who receive actual notice of this Order, are hereby directed to freeze and hold all accounts, wallets, cryptocurrency assets, and funds associated with or linked to the following addresses and accounts, and any sub-wallets, sub-accounts, or successor addresses controlled by the same account holders:

a. Episode 2 Kyrrex deposit address: `0xdd3fe47bb1684cc2e45c81da6e7cd9425fd97396`

b. Episode 4 Kyrrex/HTX convergence address: `0x8e5a6e6fb4926284774a437241769f9b30c2f743`

c. Episode 4 Kyrrex intermediary addresses: `0xc86ba757dafe9d3f02caa12c5ce4c83a0ae7f965` and `0x9f6b8a4ad968cdd87a5dd6bdb4cd566dc945ee9c`

d. Episode 2 HTX nested service address: `0x66931f499e624955574a7f999e6e1a6ce5756f4b`

e. Episode 3 HTX deposit address: `0x03aa8554ba0badbb52c064cbfd8f9285bddb0453`

f. Episode 4 HTX nested service addresses: `0xfe7ab054421247c68c6acdfb9a7628f9414081a1` and `0x9ad9cb0a0af0d7b8099d4b33e7a28c536eae0f82`

No assets associated with the above addresses and accounts shall be transferred, sold, disbursed, withdrawn, encumbered, or in any manner disposed of or dissipated pending final judgment or further order of this Court.

**<u>Preservation of Records</u>**

11. The Kyrrex Entities and HTX, and all persons acting in concert with them, shall preserve all account records, KYC/AML documentation, transaction histories, IP logs, and communications relating to the accounts and addresses identified above and shall not destroy, alter, or transfer any such records pending final judgment or further order of this Court.

**<u>Expedited Discovery</u>**

12. The expedited discovery authorized by Paragraphs 3 and 4 of the Amended TRO remains in effect. Any subpoena or request served under the Amended TRO remains operative, and responses remain due as provided in the Amended TRO. Plaintiff may also serve a request for the same categories of documents and information upon Fintech Operations Development S.A., which shall respond within twenty-one (21) days of service. Each recipient shall produce

responsive documents and information in its possession, custody, or control, including documents and information held by any other Kyrrex Entity. Information obtained pursuant to this Order shall be used solely for the purpose of identifying the John Doe defendants in this action and for the prosecution of Plaintiff's claims in this litigation.

13. As directed by the Court's Order of November 10, 2026 (ECF No. 11), Plaintiff shall file a status report on the subpoena returns by December 14, 2026.

**Service**

14. Plaintiff shall serve this Order on the Kyrrex Entities and HTX within two (2) business days of its entry by email (including to support@kyrrex.com and law-enforcement@kyrrex.com), overnight courier, and/or such other means as counsel reasonably determines will provide effective notice. Plaintiff is authorized to serve the Summons, Complaint, and this Order on Defendants by: (a) electronic mail to any email address identified through discovery as belonging to Defendants or their agents; and/or (b) such other means as this Court may authorize upon application.

**Security**

15. The security of Ten Thousand Dollars ($10,000.00) required by the Original Order and continued by the Amended TRO shall serve as security for this Order pursuant to Federal Rule of Civil Procedure 65(c).

**Duration**

16. This Order shall remain in effect until final judgment in this action or further order of this Court. Any person or entity bound by this Order may move to modify or dissolve it on notice to Plaintiff.

SO ORDERED.

Dated: New York, New York
November 13, 2026

Andrew L. Carter Jr.

ANDREW L. CARTER, JR.
United States District Judge